UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06224-RGK-PLA | Date | October 26, 2017 |
|---|---|---|---|
| Title | *BLM Products, Ltd. v. Covves, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss Counts 3–7 (DE 11)

### I. INTRODUCTION

On August 22, 2017, Plaintiff BLM Products, Ltd. ("BLM") filed a complaint ("Complaint") in this Court asserting seven claims against Defendant Covves, LLC ("Covves"). In the first three counts, BLM seeks a declaratory judgment of noninfringement, invalidity, and unenforceability arising under the patent laws of the United States. BLM also asserts four related claims against Covves arising under federal and state law.

Presently before the Court is Covves's Motion to Dismiss Counts 3–7 of BLM's Complaint ("Motion to Dismiss"). (Def.'s Mot. Dismiss, ECF No. 11). For the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** Covves's motion.

### II. FACTUAL BACKGROUND

Covves sells recreational flotation devices through Amazon.com ("Amazon") and other online channels, including its getfloaty.com website. One of its best-selling products is an inflatable unicorn pool float (the "Unicorn Pool Float"), which Covves sells on Amazon under the #FLOATY brand name. Covves holds the rights to the Unicorn Pool Float as the assignee of record for U.S. Design Patent D787,617 (the "D617 Patent"), which protects the float. The D617 Patent also names Adam Krepack, a corporate attorney in Los Angeles, as the inventor of the Unicorn Pool Float. Krepack had previously filed a declaration alongside the patent application stating that he was the sole inventor of the float, but he later assigned his rights to Covves shortly before the patent issued on May 23, 2017.

In June 2017, Covves informed Amazon via a form on Amazon's website that BLM, a competing seller of recreational flotation devices, was selling a unicorn pool toy on Amazon.com that Covves believed infringed upon the D617 Patent. In response to Covves's allegation of patent infringement, Amazon removed BLM's pool toy listing from its website. Covves agreed to withdraw its allegation against BLM only if BLM paid Covves a licensing fee to use the D617 Patent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06224-RGK-PLA | Date | October 26, 2017 |
|---|---|---|---|
| Title | *BLM Products, Ltd. v. Covves, LLC* | | |

Harmed by the removal of its pool toy from Amazon.com, BLM now brings this action against Covves. First, BLM asks the Court for a declaration under the Declaratory Judgment Act that BLM's unicorn pool toy does not directly or indirectly infringe the D617 Patent (Count I). Second, BLM asks for a declaration that the D617 Patent is invalid (Count II) and unenforceable (Count III). Specifically with respect to Count III, BLM alleges that the named inventor, Adam Krepack, falsely represented to the Patent and Trademark Office ("PTO") that he was the sole inventor of the Unicorn Pool Float when in fact the float's true inventor (or, alternatively, at least one of the float's co-inventors) is a designer at FTF Zhenhan Inflatable Co., Ltd. ("FTF"), the China-based company that manufactures the float. Because of Krepack's knowing or false misrepresentation, BLM asserts, the D617 Patent is unenforceable due to inequitable conduct.

Additionally, BLM makes several other claims under federal and state law arising out of the alleged failure to name the correct inventor on the D617 Patent. Under federal law, BLM claims that Covves engaged in unfair competition under the Lanham Act by knowingly misrepresenting to Amazon that the D617 Patent is valid and enforceable (Count IV). Under state law, BLM asserts claims of trade libel (Count V), interference with economic advantage (Count VI), and unfair business practices under California Business and Professional Code section 17200 (Count VII) for Covves's alleged deception in making false representations to Amazon.

Covves now moves to dismiss Counts III–VII of BLM's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III.    JUDICIAL STANDARD

To survive a motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012); *see Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014) (citing regional circuit law on Rule-12(b)(6) motion). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06224-RGK-PLA | Date | October 26, 2017 |
|---|---|---|---|
| Title | *BLM Products, Ltd. v. Covves, LLC* | | |

Additionally, to survive a motion to dismiss, plaintiffs alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

## IV. DISCUSSION

Covves moves to dismiss Counts III–VII. The Court considers each count in turn.

### A. Count III: Inequitable Conduct

#### 1. *Legal Standard*

In this action, BLM seeks a declaration that the D617 Patent is unenforceable because Krepack engaged in inequitable conduct. Inequitable conduct is an equitable claim that focuses on the misconduct of the persons responsible for securing a patent. If proven, an inequitable conduct claim bars enforcement of a patent. *Cyber Acoustics, LLC v. Belkin Int'l, Inc.*, 988 F. Supp. 2d 1236, 1241 (D. Or. 2013). Because inequitable conduct "pertains to or is unique to patent law," Federal Circuit law applies. *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007). To plead a claim of inequitable conduct under Federal Circuit precedent, plaintiffs must satisfy three elements: particularity, materiality, and intent. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326–28 (Fed. Cir. 2009).

Covves argues that BLM's claim of inequitable conduct must be dismissed because BLM has failed to satisfy these elements. BLM disagrees. The Court will address each of the three elements in turn.

#### 2. *Particularity*

To state an inequitable conduct claim, plaintiffs must state with particularity under Rule 9(b) the circumstances constituting fraud or mistake. *See* Fed. R. Civ. P. 9(b); *Exergen*, 575 F.3d at 1326. Particularity means that the circumstances "must be pleaded in detail." *Exergen*, 575 F.3d at 1327. In *Exergen*, the Federal Circuit further explained that a plaintiff states a claim with particularity by identifying "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.*

First, BLM has adequately pleaded the <u>who</u>, <u>when</u> and <u>where</u> of the alleged misrepresentation. Although Covves argues that BLM fails to state sufficient facts explaining "who" invented the Unicorn Pool Float if not Krepack, this misstates the law. *Exergen* requires BLM to identify "who" committed the inequitable conduct at issue—here, the allegedly false inventorship declaration—not "who" the actual inventor is. *See, e.g., CertusView Techs., LLC v. S&N Locating Servs., LLC*, 107 F. Supp. 3d 500, 510 (E.D. Va. 2015). BLM does just that by identifying Krepack as the person "who" falsely filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06224-RGK-PLA | Date | October 26, 2017 |
|---|---|---|---|
| Title | ***BLM Products, Ltd. v. Covves, LLC*** | | |

declaration with the PTO. Similarly, BLM clearly pleads that the alleged fraud occurred "when" and "where" Krepack filed the declaration with the PTO.

Whether BLM has adequately pleaded the <u>what</u> and <u>how</u> of the alleged misrepresentation, however, is a closer question. BLM must plead "what" Krepack allegedly did (lie to the PTO about having invented the Unicorn Pool Float) and "how" he allegedly did it (by passing off FTF's design as his own) with sufficient and particularized facts that support a plausible inference of inequitable conduct. *See Iqbal*, 556 U.S. at 678. And to meet the particularity requirement, BLM must plead these facts "in detail." *Exergen*, 575 F.3d at 1327.

Accordingly, to support its claim, BLM pleads first that BLM's President, Mark Brown, knows from years of experience selling inflatable products sourced from China that products like the Unicorn Pool Float are typically designed by in-house staff at Chinese manufacturers who design products based on a customer's general description and requirements. (Compl. ¶¶ 16–17, ECF No. 1). As such, Brown suspected something was awry about the D617 Patent, especially because Krepack, the named inventor, is a corporate attorney with no background in designing recreational flotation devices. (¶ 18). Brown decided to investigate further. When his investigation identified FTF as the company that manufactures the Unicorn Pool Float (¶ 20), Brown contacted FTF to get more information about the float. In an email conversation with Allen Guo, a customer representative at FTF, Guo stated that:

- "[T]he Original [sic] eidition inflatable unicorn pool float was designed and produced in our factory." (¶ 20).
- "We prouduced [sic] many styles pool float before, see enclosed, and we also make new design every year, of course, our designer did the [unicorn] design and make the sample and mass production." (¶ 21).
- "For the unicorn Float [sic], it was designed by Lisa from our factory." (¶ 21).
- "Lisa have [sic] been doing the inflatable products as designer more than 18 years expenerice [sic], so very professional." (¶ 21).

Guo also provided Brown with design drawings that, BLM contends, depict FTF's original design of the Unicorn Pool Float. (¶ 22). After Brown informed Guo of Covves's patent rights in the Unicorn Pool Float, Guo stated that while FTF had worked with Covves, Guo had been unaware of any patent rights that would limit FTF's ability to sell and export the Unicorn Pool Float. (¶ 22).

The crux of Covves's argument in this motion is that these facts are not enough to satisfy the pleading standard of Rule 9(b) and *Exergen*. First, Covves argues that Guo's statements simply suggest that an FTF employee prepared Krepack's design for mass production, not that FTF invented the Unicorn Pool Float itself. And because "one may not qualify as a joint inventor merely by assisting the actual inventor after conception," FTF cannot have invented the float, so Guo's statements do not provide sufficient facts to state a plausible claim that Krepack made a false inventorship declaration. *Hoop v. Hoop*, 279 F.3d 1004, 1007 (Fed. Cir. 2002). Second, Covves questions the relevance of both Guo's statements and the design drawings. Specifically, Covves argues that 1) BLM fails to explain why

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06224-RGK-PLA | Date | October 26, 2017 |
|---|---|---|---|
| Title | *BLM Products, Ltd. v. Covves, LLC* | | |

Guo would be a reliable source of knowledge, and that 2) the design drawings are undated and provide no information as to who drew them or where they originally came from. Finally, Covves points to several questions that BLM's allegations leave unanswered—namely, specifics involving how or when Lisa invented the Unicorn Pool Float, or whether Krepack or Covves communicated with FTF during the design process.

On a motion to dismiss, however, the Court must "accept all factual allegations in the Complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). One could draw different inferences from the facts here. But taken as true and construed in the light most favorable to BLM, the facts here plausibly suggest that Krepack falsely declared that he invented the Unicorn Pool Float when in fact a designer at FTF invented it. For instance, though somewhat ambiguous, Guo's statements that the float "was designed by Lisa," "our designer did the [unicorn] design," and "the Original [sic] eidition inflatable unicorn pool float was designed and produced in our factory," when construed in the light most favorable to BLM, permit a court to reasonably infer that FTF's designer, not Krepack, invented the Unicorn Pool Float. And coupled with Guo's statements, the drawings and other alleged facts plausibly support the same inference. BLM's factual allegations hence permit the reasonable inference that Krepack's declaration to the PTO was false.[1] This meets BLM's burden on a motion to dismiss and provides Covves with sufficient notice to prepare a responsive pleading. *See Iqbal*, 556 U.S. at 678; *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (explaining that a purpose of Rule 9(b) is to ensure fraud allegations are specific enough to allow defendants to adequately respond). Further, to the extent that Covves challenges the sufficiency or reliability of BLM's proffered evidence, such challenges are not appropriate at the pleading stage and are more properly addressed in a summary judgment motion. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

Accordingly, because BLM has adequately pled "the specific who, what, when, where, and how" of Krepack's alleged misrepresentation before the PTO, BLM has stated its inequitable conduct claim with particularity under the *Exergen* standard. *Exergen*, 575 F.3d at 1327.

3.    *Materiality*

Second, to state a claim of inequitable conduct, plaintiffs must plead materiality. *See Exergen*, 575 F.3d at 1328–30. Information is material if there "is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent." *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1321 (Fed. Cir. 2000).

---

[1] Further, "when named inventors deliberately conceal a true inventor's involvement, the applicants have committed inequitable conduct and the patent is unenforceable" even as to innocent third-parties. *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 828 (Fed. Cir. 2010). Accordingly, to state its inequitable conduct claim, BLM need not allege that Covves was involved in Krepack's misrepresentation to the PTO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06224-RGK-PLA | Date | October 26, 2017 |
|---|---|---|---|
| Title | *BLM Products, Ltd. v. Covves, LLC* | | |

Because inventorship is a "critical requirement for obtaining a patent," false statements about the inventorship of a patent are material. *Id.*; *see also Gen-Probe Inc. v. Becton, Dickinson & Co.*, No. 09-CV-2319-BEN(NLS), 2012 WL 5379062, at *2 (S.D. Cal. Oct. 30, 2012). Here, because the misrepresentation that Krepack allegedly made pertained to whether he invented the D617 Patent, his alleged misrepresentation was material. Accordingly, BLM's inequitable conduct claim meets the materiality requirement under the *Exergen* standard.

    4.    <u>Intent</u>

Lastly, to state a claim of inequitable conduct, plaintiffs must plead intent. Although Rule 9(b) permits a party to allege states of mind "generally," the Federal Circuit has explained that a pleading of inequitable conduct "must include sufficient facts from which a court may reasonably infer that a specific individual 1) knew of the withheld material information or of the falsity of the material misrepresentation; and 2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1328.

Here, the "material misrepresentation" was Krepack's allegedly false declaration that he invented the Unicorn Pool Float, and the "withheld material information" was that another person or persons had invented the float. BLM claims that an employee of FTF was either the true inventor or, in the alternative, at least a co-inventor of the float. Thus to state its claim, BLM must plead sufficient facts to support the inference that Krepack *either* 1) knowingly filed a false declaration that he invented the float, with specific intent to deceive the PTO; *or* 2) knowingly withheld the information that a designer at FTF co-invented the Unicorn Pool Float with him, with specific intent to deceive the PTO.

With respect to BLM's co-inventor theory, to plead that Krepack knowingly withheld the existence of a co-inventor from the PTO, BLM would need to plead facts suggesting that Krepack knew about the co-inventor. For example, BLM would need to allege that Krepack communicated with FTF about the design or jointly worked with FTF's designer to invent the Unicorn Pool Float. BLM has not sufficiently alleged such facts.

However, with respect to BLM's false inventorship theory, BLM would only need to plead facts allowing a court to reasonably infer that Krepack knew that he did not invent the Unicorn Pool Float. The Court found above that BLM's alleged facts plausibly support the inference that a designer at FTF, and not Krepack, invented the float. It follows that those same facts, taken as true, support the allegation that Krepack acted with the requisite intent. While an innocent explanation is possible, it would be "peculiar" for Krepack to claim to be the "sole inventor" of the D617 Patent if he did not invent it at all, as BLM alleges. *See Cyber Acoustics, LLC v. Belkin Int'l, Inc.*, 988 F. Supp. 2d 1236, 1247 (D. Or. 2013). Instead, a more reasonable inference is that Krepack did know when he signed the inventorship declaration that he did not invent the D617 Patent, but claimed to be the inventor anyway in an effort to deceive the PTO. While this is not the only inference that can be drawn from BLM's alleged facts, it is a plausible one, and thus sufficiently pleads intent. *See Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06224-RGK-PLA | Date | October 26, 2017 |
|---|---|---|---|
| Title | *BLM Products, Ltd. v. Covves, LLC* | | |

Based on the foregoing, BLM has adequately pleaded its claim of inequitable conduct with particularity, materiality, and intent under the standard set forth by *Exergen* and Rule 9(b). Accordingly, the Court denies Covves's Motion to Dismiss Count III of BLM's Complaint.

### B. Count IV: Lanham Act

In Count IV of the Complaint, BLM claims that Covves engaged in unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), when it demanded that Amazon remove BLM's unicorn pool toy listing from Amazon.com. (Compl. ¶ 50, ECF No. 1). BLM alleges that this demand was made in bad faith because Covves knew that the D617 Patent was unenforceable due to failure to name the correct inventor. (¶ 52). Covves now moves to dismiss this claim.

The pertinent section of the Lanham Act provides that a company that makes false or misleading representations of fact in "commercial advertising or promotion" is liable in a civil action for unfair competition. *See* 15 U.S.C. § 1125(a)(1)(B) (2016). Covves argues that because its representations to Amazon do not constitute "commercial advertising or promotion," BLM's Lanham Act claim must be dismissed. The Court agrees with Covves.

To constitute "commercial advertising or promotion" in violation of section 1125(a)(1)(B), representations must be 1) "commercial speech; 2) by a defendant who is in commercial competition with plaintiff; 3) for the purpose of influencing consumers to buy defendant's goods or services." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999). While the representations in question "need not be made in a 'classic advertising campaign'," they must 4) "be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *Id.*

Here, Covves made representations to Amazon by filling out an infringement form on Amazon.com. Although this representation may be commercial speech, it is not "commercial advertising or promotion" within the meaning of the Lanham Act because it was not "disseminated sufficiently to the relevant purchasing public" to constitute advertising or promotion. *See id.* Instead, the representation was made only to Amazon, out of view of the general public.

Accordingly, BLM has not stated a claim upon which relief can be granted. The Court grants Covves's Motion to Dismiss Count IV.

### C. Counts V–VII: California State Law

Covves also argues that Counts V–VII of the Complaint, which respectively are state law claims for trade libel, interference with economic advantage, and unfair business practices, are preempted by federal patent law. Under Federal Circuit precedent, federal law preempts state law tort liability for a patentholder's communications asserting infringement of its patent unless those communications were made in "bad faith." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06224-RGK-PLA | Date | October 26, 2017 |
|---|---|---|---|
| Title | *BLM Products, Ltd. v. Covves, LLC* | | |

Cir. 2004). To be made in bad faith, a communication must be "objectively baseless" such that "no reasonable litigant could reasonably expect success on the merits." *Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008).

Here, BLM alleges that Covves's patent infringement representations to Amazon were made in bad faith because Covves knew that the D617 Patent was unenforceable. Above, the Court found that BLM put forth sufficient facts to plausibly allege that Krepack knowingly misrepresented his inventorship of the Unicorn Pool Float to the PTO. Because it is reasonable to infer that Covves would know whether its own patent was procured through inequitable conduct, those same facts support the inference that Covves acted in bad faith. And if Covves acted in bad faith, federal law would not preempt BLM's state law tort claims. *See Globetrotter Software*, 362 F.3d at 1374; *see also* Fed R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Accordingly, the Court denies Covves's Motion to Dismiss Counts V–VII of BLM's Complaint.

### V.     CONCLUSION

For the foregoing reasons, the Court holds as follows:

Covves's Motion to Dismiss Count III of BLM's Complaint is **DENIED**.

Covves's Motion to Dismiss Count IV of BLM's Complaint is **GRANTED**.

Covves's Motion to Dismiss Counts V, VI, and VII of BLM's Complaint is **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____