Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Valerie McConnell (State Bar No. 274159)
valerie@smcarthurlaw.com
THE MCARTHUR LAW FIRM PC
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
Telephone: (323) 639-4455

Attorneys for Defendant
COVVES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BLM PRODUCTS, LTD.,** | **Case No. 2:17-cv-06224-RGK-PLA** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT COVVES, LLC'S AMENDED ANSWER AND COUNTERCLAIM** |
| **COVVES, LLC,** | |
| **Defendant.** | |

Pursuant to the Court's Order on Motion to Dismiss (Dkt. 22), Defendant Covves, LLC ("Covves") hereby amends its previously-filed Answer (Dkt. 13) to respond to allegations pertaining to Count 3 (Declaration of Unenforceability of the 'D617 Patent), Count 5 (Trade Libel), Count 6 (Interference with Economic Advantage) and Count 7 (Unfair Business Practices; Cal. Bus. and Prof. Code §§ 17200 *et seq.*), in the Complaint filed by Plaintiff BLM Products, Ltd. ("BLM").

## RESPONSE TO GENERAL ALLEGATIONS

### A. Jurisdiction and Venue

1. Covves admits that BLM has alleged causes of action under 28 U.S.C. § 2201, under the patent laws of the United States, 35 U.S.C. §§ 1-390, and under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, but denies that BLM is entitled to any relief.

2. Covves admits that the Court has subject matter jurisdiction.

3. Covves admits that it is subject to the personal jurisdiction of this Court. Covves denies the remaining allegations in Paragraph 3.

4. Covves admits that venue is proper in this district. Covves denies the remaining allegations in Paragraph 4.

5. Covves admits that an immediate, real, and justiciable controversy exists between BLM and Covves as to whether BLM is infringing or has infringed the 'D617 Patent. Covves denies the remaining allegations in Paragraph 5.

### B. The Parties

6. Covves lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and accordingly denies these allegations.

7. Covves admits that it sells recreation flotation devices though Amazon.com and other on-line channels, including its getfloaty.com website. Covves also admits that it is a California limited liability company located at 23145 Kashiwa Court, Torrance, CA 90505. Covves further admits that it is the recorded assignee of U.S. Design Patent Application No. 29/537,216, which issued as U.S. Design Patent D787,617 on May 23, 2017. Covves denies the remaining allegations in Paragraph

### C. Nature of the Action

8.  Covves admits that BLM has alleged causes of action under the cited legal statutes and the common law but specifically denies that BLM is entitled to any relief.

9.  Covves admits that it is the assignee of record of the 'D617 Patent.  Covves also admits that it believes that BLM is infringing the 'D617 Patent.  Covves further admits that Exhibit 1 to the Complaint appears to be a copy of the 'D617 Patent and that Exhibit 2 appears to be a photograph of the giant unicorn pool float sold by BLM.  Covves denies the remaining allegations in Paragraph 9.

10.  Covves admits that it contacted Amazon.com in June 2017 to report that BLM was infringing the 'D617 Patent.  Covves denies the remaining allegations in Paragraph 10.

11.  Covves denies each and every allegation contained in Paragraph 11.

### D. The 'D617 Patent and Covves' Infringement Allegations

12. Covves admits that BLM and Covves sell recreational flotation devices. Covves lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and accordingly denies these allegations.

13. Covves admits that on or around June 14, 2017, it submitted an infringement report to Amazon.com by filling out its intellectual property infringement form at www.amazon.com/gp/help/reports/infringement. Covves further admits that it asked Amazon to remove the listing to BLM's "Captain Floaty Giant Unicorn Pool Float" because Covves believes that BLM's "Captain Floaty Giant Unicorn Pool Float" infringes the 'D617 Patent.  Covves denies the remaining allegations of Paragraph 13.

14. Covves lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and accordingly denies these allegations.

15.  Covves admits that its attorney, Mr. McArthur, communicated with BLM regarding Covves' ownership of the 'D617 Patent and the infringement notice that

AMENDED ANSWER AND COUNTERCLAIM
Case No. 2:17-cv-06224-RGK-PLA

Covves submitted to Amazon.  Covves further admits that Mr. McArthur sought to negotiate an arrangement by which BLM could license the 'D617 Patent.  Covves denies the remaining allegations in Paragraph 15.

16.  Covves lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and accordingly denies these allegations.

17.  Covves lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and accordingly denies these allegations.

18.  Covves lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and accordingly denies these allegations.

19.  Covves lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and accordingly denies these allegations.

20.  To the extent that Paragraph 20 alleges that FTF Zhenhan Inflatable Co., Ltd. ("FTF") invented the design covered by the 'D617 Patent, Covves specifically denies this allegation.  Email correspondence between Benson Su, Covves' owner and Chief Executive Officer, and FTF demonstrates that Mr. Su sent FTF a series of graphics and instructions for creating a prototype of the design claimed in the 'D617 Patent and that FTF merely reduced the already-conceived design to practice. This email correspondence was attached as Exhibit A to the Declaration of Kevin Zhang, FTF General Manager, filed with Covves' original answer (Dkt 13-2).  The allegations in Paragraph 20 are further refuted by Mr. Zhang's sworn declaration, which states that FTF "made zero design decisions" for the design covered by the 'D617 Patent and "simply prepared it to be physically manufactured."  (Zhang Declaration, ¶ 4).  Covves lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and accordingly denies these allegations.

21.  To the extent that Paragraph 21 alleges that "Lisa" at FTF invented the design covered by the 'D617 Patent, Covves specifically denies this allegation. Email correspondence attached as Exhibit A to the Zhang Declaration (Dkt. 13-2)

demonstrates that FTF merely reduced the already-conceived design to practice at the instruction of Mr. Su, Covves' CEO. The allegations in Paragraph 21 are further refuted by Mr. Zhang's sworn declaration, which states that BLM's claims that "Lisa" invented the design covered by the 'D617 Patent "are absolutely false." (Zhang Declaration, ¶ 4).  Covves lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 and accordingly denies these allegations.

22.  To the extent that Paragraph 22 alleges that FTF invented the design covered by the 'D617 Patent, Covves specifically denies this allegation.  Email correspondence attached as Exhibit A to the Zhang Declaration (Dkt. 13-2) demonstrates that FTF merely reduced the already-conceived design to practice at the instruction of Mr. Su, Covves' CEO.  The allegations in Paragraph 22 are further refuted by Mr. Zhang's sworn declaration, which states that FTF "made zero design decisions" for the design covered by the 'D617 Patent and "simply prepared it to be physically manufactured."  (Zhang Declaration, ¶ 4).  Covves lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and accordingly denies these allegations.

23.  The allegations of Paragraph 23 set forth arguments and legal conclusions as to which no response is required.  To the extent a response is required, Covves denies the allegations of Paragraph 23.

24.  Covves admits that the claim of the 'D617 Patent states, "The ornamental design for an inflatable toy, as shown and described."  The remaining allegations of paragraph 24 set forth arguments and legal conclusions as to which no response is required.  To the extent a response is required, Covves denies the remaining allegations of Paragraph 24.

25.  Covves admits that Exhibit 4 to the Complaint appears to be a copy of the Inventor Declaration for the 'D617 Patent, which states, "I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C.

1001 by fine or imprisonment of not more than five (5) years, or both." Covves lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 and accordingly denies these allegations

26. Covves denies each and every allegation contained in Paragraph 26.

27. Covves denies each and every allegation contained in Paragraph 27.

28. Covves admits that it contacted Amazon.com to report that BLM was infringing the 'D617 Patent. Covves denies the remaining allegations in Paragraph 28.

29. Covves denies each and every allegation contained in Paragraph 29.

30. Covves admits that an actual controversy exists between BLM and Covves as to whether BLM is infringing, or has infringed, the 'D617 Patent. Covves denies the remaining allegations in Paragraph 30.

**E. Count I (Declaration of Non-Infringement of the 'D617 Patent)**

31. Covves repeats its responses to Paragraphs 1 through 30 above as if fully set forth herein.

32. Covves admits that it claims to own all rights, title, and interest in US Design Patent No. D787,617.

33. Covves admits that it has alleged to Amazon.com and to BLM directly that BLM's Captain Floaty Giant Unicorn Pool Float infringes the 'D617 Patent.

34. Covves admits that a substantial, immediate, and real controversy exists between BLM and Covves as to whether BLM's Captain Floaty Giant Unicorn Pool Float infringes the 'D617 Patent. Covves denies that BLM is entitled to the relief it seeks.

35. Covves admits that BLM has asserted a cause of action for a judgment declaring that BLM's Captain Floaty Giant Unicorn Pool Float does not directly or indirectly infringe the 'D617 Patent. Covves denies that BLM is entitled to the relief it seeks.

**F.     Count II (Declaration of Invalidity of the 'D617 Patent)**

36.  Covves repeats its responses to Paragraphs 1 through 35 above as if fully set forth herein.

37.  Covves admits that it claims to own all rights, title, and interest in US Design Patent No. D787,617.

38.  Covves admits that it has alleged to Amazon.com and to BLM directly that BLM's Captain Floaty Giant Unicorn Pool Float infringes the 'D617 Patent.

39.  To the extent that Paragraph 39 alleges that the 'D617 Patent is invalid for failing to name FTF as the correct inventive entity, Covves specifically denies this allegation.  Email correspondence attached as Exhibit A to the Zhang Declaration (Dkt. 13-2) demonstrates that FTF did not invent the design protected by the 'D617 Patent and merely reduced the already-conceived design to practice at the instruction of Mr. Su, Covves' CEO.  The allegations in Paragraph 39 are further refuted by Mr. Zhang's sworn declaration, which states that FTF "made zero design decisions" for the design covered by the 'D617 Patent and "simply prepared it to be physically manufactured."  (Zhang Declaration, ¶ 4).  The remaining allegations of Paragraph 39 set forth legal conclusions as to which no response is required.  To the extent a response is required, Covves denies the remaining allegations of Paragraph 39.

40.  Covves admits that BLM has asserted a cause of action for a judgment declaring that the 'D617 Patent is invalid and for the court to correct the inventorship of the patent pursuant to 35 U.S.C. § 256.  Covves denies that BLM is entitled to the relief it seeks.

**G. Count III (Declaration of Unenforceability of the 'D617 Patent)**

41.  Covves repeats its responses to Paragraphs 1 through 40 above as if fully set forth herein.

42.  Covves admits that it claims to own all rights, title, and interest in US Design Patent No. D787,617.

43. Covves admits that it has alleged to Amazon.com and to BLM directly that BLM's Captain Floaty Giant Unicorn Pool Float infringes the 'D617 Patent.

44. Covves admits that Adam Krepack is the sole named inventor of the 'D617 Patent, and that Mr. Krepack assigned his rights in this patent to Covves before the patent was issued. Covves lacks knowledge or information sufficient to form a belief as whether Mr. Krepack assigned his rights "shortly" before the 'D617 Patent was issued and therefore denies this allegation.

45. Covves admits that Exhibit 4 to the Complaint, which appears to be the copy of the Inventor Declaration for the 'D617 Patent, appears to contain Mr. Krepack's signature and states that Mr. Krepack "is the original inventor" of the claimed invention. Covves denies the remaining allegations of Paragraph 45.

46. Covves denies each and every allegation of Paragraph 46.

47. Paragraph 47 sets forth legal conclusions as to which no response is required. To the extent a response is required, Covves denies the allegations of Paragraph 47.

48. The 'D617 Patent is enforceable, and BLM should be denied the declaratory relief it seeks. Accordingly, Covves denies each and every allegation of Paragraph 48.

**H. Count V (Declaration of Unenforceability of the 'D617 Patent)**

55. Covves repeats its responses to Paragraphs 1 through 48 above as if fully set forth herein.[1]

56. Covves admits that it claims to own all rights, title, and interest in US Design Patent No. D787,617.

57. Covves admits that it alleged to Amazon.com that BLM's Captain Floaty Giant Unicorn Pool Float infringes the 'D617 Patent. Covves denies that its communications with Amazon.com regarding BLM's Captain Floaty Giant Unicorn

---

[1] Covves does not respond to paragraphs 49 to 54 of the Complaint because those allegations pertain to Count 4 (Unfair Competition under § 43(a) of the Lanham Act), which was dismissed pursuant to the Court's Order on Covves' Motion to Dismiss. *See* Dkt. 22.

Pool Float were "falsely published."

58.  Covves denies each and every allegation of Paragraph 58.

59.  Covves admits that Amazon.com appears to have removed BLM's listing for the Capital Floaty Giant Unicorn Pool Float. Covves specifically denies that it engaged in any "wrongful conduct." Covves lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59, including whether Covves' actions were the "direct and proximate cause" of Amazon.com's removal of BLM's listing, and therefore denies the remaining allegations of Paragraph 59.

60.  Covves specifically denies that BLM is entitled to recover any damages. The remaining allegations of Paragraph 60 sets forth legal conclusions as to which no response is required.  To the extent a response is required, Covves also denies the remaining allegations of Paragraph 60.

### I.  Count VI (Interference with Economic Advantage)

61.  Covves repeats its responses to Paragraphs 1 through 48 and Paragraphs 55 through 60 above as if fully set forth herein.

62.  Covves admits that it claims to own all rights, title, and interest in US Design Patent No. D787,617.

63. Covves admits that it alleged to Amazon.com that BLM's Captain Floaty Giant Unicorn Pool Float infringes the 'D617 Patent.  Covves denies the remaining allegations of Paragraph 63.

64.  Covves denies each and every allegation of Paragraph 64.

65.  Covves admits that Amazon.com appears to have removed BLM's listing for the Capital Floaty Giant Unicorn Pool Float. Covves specifically denies that it engaged in any "wrongful conduct." Covves lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65, including whether Covves' actions were the "direct and proximate cause" of Amazon.com's removal of BLM's listing, and therefore denies the remaining

allegations of Paragraph 65.

66. Covves denies each and every allegation of Paragraph 66.

67. Covves specifically denies that BLM is entitled to recover any damages. The remaining allegations of Paragraph 67 sets forth legal conclusions as to which no response is required.  To the extent a response is required, Covves also denies the remaining allegations of Paragraph 67.

### J.     Count VII

### (Unfair Business Practices; Cal. Bus. and Prof. Code §§ 17200 et seq.)

68.  Covves repeats its responses to Paragraphs 1 through 48 and Paragraphs 55 through 67 above as if fully set forth herein.

69.  Covves admits that it alleged to Amazon.com that BLM's Captain Floaty Giant Unicorn Pool Float infringes the 'D617 Patent.  Covves denies the remaining allegations of Paragraph 69.

70. Covves denies each and every allegation of Paragraph 70.

71. Covves admits that Amazon.com appears to have removed BLM's listing for the Capital Floaty Giant Unicorn Pool Float.  Covves denies the remaining allegations of Paragraph 71.

72.  Covves specifically denies that BLM is entitled to recover any damages. The remaining allegations of Paragraph 72 sets forth legal conclusions as to which no response is required.  To the extent a response is required, Covves also denies the remaining allegations of Paragraph 72.

### K.     The Complaint's Prayer for Relief

Covves denies that BLM is entitled to any of the relief sought in its prayer for relief against Covves. BLM's prayer should be denied in its entirety and BLM should take nothing.

## AFFIRMATIVE DEFENSES

### A.    FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

BLM failed to exercise reasonable care and diligence to mitigate the damages that it allegedly sustained as a result of Amazon.com's removal of BLM's listing for its "Captain Floaty Giant Unicorn Pool Float" and is therefore barred from claiming or recovering any monetary relief set forth in the Complaint.

### B.    SECOND AFFIRMATIVE DEFENSE

### (First Amendment)

BLM's claims are barred to the extent that Covves' actions, including its alleged communications to Amazon.com regarding the 'D617 Patent, are protected by the First Amendment of the Constitution of the United States.

## COUNTERCLAIM

Defendant and Counterclaimant Covves, LLC ("Covves") hereby asserts a counterclaim against Plaintiff and Counter-Defendant BLM Products, Ltd. ("BLM"), as follows:

### A. Nature of the Counterclaim and Jurisdiction

1.  Covves asserts a counterclaim for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271.

2.  The Court has subject matter over the federal counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  BLM is subject to the personal jurisdiction of this Court, and venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), by virtue of the Complaint that BLM filed in this Court and BLM's significant contacts with this forum.  On information and belief, BLM transacts business in California and in this judicial district, offers products for sale and use in California and in this district, and BLM has caused injury to Covves and its intellectual property in California and

in this district.

### B. The Parties

4.  Covves is a limited liability company, duly organized and existing under the laws of the State of California, located at 23145 Kashiwa Court, Torrance, California 90505.  Covves sells recreation flotation devices and toys under the "#FLOATY" brand name through its website, www.getfloaty.com, as well as online retailers, including Amazon.com.

5.  Upon information and belief, BLM is a corporation organized and existing under the laws of British Columbia, Canada, with its principal place of business at 1105-689 Abbott St., Vancouver, British Columbia, Canada, V6B 0J2.  BLM sells recreational flotation devices through Amazon.com and other online channels under its "Captain Floaty" brand.

### C. Factual Allegations

6.  One of Covves' best-selling products is a giant unicorn-shaped float sold under the name "#FLOATY Giant Unicorn" (hereinafter "the Infringed Float"). The design of the Infringed Float is protected by Design Patent No. D787,617 ("the 'D617 Patent"), issued on May 23, 2017.  Covves is the assignee of record of the 'D617 Patent and owns all rights, title, and interest in this patent.

7.  In or around June 2017, it came to Covves' attention that BLM was selling a product called "Captain Floaty Giant Unicorn Pool Float" on Amazon.com.  The photos that BLM posted on Amazon.com of its "Captain Floaty Giant Unicorn Pool Float" appear to be photos of the Infringed Float.  Upon information and belief, BLM took photos of the Infringed Float and posted those photos on Amazon.com to mislead consumers into believing that BLM was selling the Infringed Float, when in actuality, BLM was selling a product that closely mimicked the Infringed Float.

8.  Covves inspected "Captain Floaty Giant Unicorn Pool Floats" sold by BLM and discovered that the design of BLM's "Captain Floaty Giant Unicorn Pool Float" is substantially the same as the design claimed by the 'D617 Patent and

embodied in the Infringed Float.  Like the Infringed Float, BLM's "Captain Floaty Giant Unicorn Pool Float" features a unicorn head emerging from the front of an inflatable tube and a unicorn tail emerging from the back of the tube.  The shape of the unicorn head and tail on BLM's "Captain Floaty Giant Unicorn Pool Float" also closely resemble the shape of the unicorn head and tail on the Infringed Float.

9.    The design of BLM's "Captain Floaty Giant Unicorn Pool Float" is so similar to the design of the Infringed Float that customers have been deceived into buying BLM's "Captain Floaty Giant Unicorn Pool Float," mistakenly believing that they are buying the Infringed Float.  This consumer confusion has caused enormous and irreparable harm to Covves and has eroded the goodwill that Covves has built in the Infringed Float and "#FLOATY" brand.

10.  BLM does not have a license for the 'D617 Patent or any other authorization to sell, offer to sell, manufacture, or distribute the Infringed Float.

11.  In or around June 2017, Covves notified Amazon.com that it believed that BLM's "Captain Floaty Giant Unicorn Pool Float" infringed the 'D617 Patent.  Covves duly complied with the procedures implemented by Amazon.com for reporting intellectual property infringement and provided Amazon with a copy of the 'D617 Patent.  Amazon.com responded to Covves' report by removing the listing to BLM's "Captain Floaty Giant Unicorn Pool Float" from its website.

12.  Through its attorney, Covves informed BLM that its "Captain Floaty Giant Unicorn Pool Float" infringed the 'D617 Patent and asked that BLM immediately cease selling that product.  BLM's president, Mark Brown, refused to comply with Covves' request and said that he had already paid his manufacturer to produce thousands of "Captain Floaty Giant Unicorn Pool Floats."  Covves then proposed a licensing arrangement that would enable BLM to recoup its manufacturing costs, but Mr. Brown rejected this proposal.

13.  Upon information and belief, BLM is continuing to sell its "Captain Floaty Giant Unicorn Pool Floats" through online channels other than Amazon.com, even

though BLM is aware that this product infringes the 'D617 Patent.  Covves is entitled to injunctive relief and damages for BLM's willful infringement of the 'D617 Patent.

### D. Counterclaim – Infringement of the 'D617 Patent

14.  By this reference, Covves realleges and incorporates each and every averment contained in paragraphs 1 through 13, inclusive.

15.  BLM has infringed, and continues to infringe the 'D617 Patent, by offering to sell, selling, or importing, in this District, and elsewhere in the United States, the "Captain Floaty Giant Unicorn Pool Float," the design of which is substantially the same as the ornamental design of the 'D617 Patent.

16.  BLM's actions constitute infringement of the 'D617 Patent in violation of 35 U.S.C. § 271.

17.  Covves has sustained damages, and will continue to sustain damages, as a result of BLM's aforementioned acts of infringement. Covves is entitled to recover damages sustained as a result of BLM's wrongful acts in an amount to be proven at trial.

18.  BLM's infringement of Covves' rights under the 'D617 Patent will continue to damage Covves' business, causing irreparable harm, for which there is no adequate remedy at law, unless BLM is enjoined by this Court.

19.  BLM has willfully infringed the 'D617 Patent, entitling Covves to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

20.  Alternatively, Covves is entitled to recover BLM's total profits from its sales of the "Captain Floaty Giant Unicorn Pool Float" under 35 U.S.C. § 289.

### PRAYER FOR RELIEF

Covves prays for judgment against BLM as follows:

1.  For a judgment finding BLM liable for infringement of the 'D617 Patent.

2.  For a preliminary and permanent injunction prohibiting BLM, their agents,

servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing the 'D617 Patent in any manner, pursuant to 35 U.S.C. § 283.

3.   For an award of damages adequate to compensate Covves for BLM's infringement of the 'D617 Patent, in an amount to be proven at trial, or in the alternative, an award of BLM's total profits under 35 U.S.C. § 289.

4.   For an award of treble Covves damages, pursuant to 35 U.S.C. § 284.

5.   For a declaration that this is an exceptional case and that Covves be awarded its attorneys' fees and expenses, pursuant to 35 U.S.C. § 285.

6.    For an award of Covves' costs in asserting this counterclaim, pursuant to all applicable state statutory and common law, including 35 U.S.C. § 284.

7.    For an award of prejudgment interest according to law, including pursuant to 35 U.S.C. § 284.

8.    For an award of post-judgment interest, pursuant to 28 U.S.C. § 1961(a).

9.    For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Covves demands trial by jury on all claims and issues so triable.


DATED:  November 9, 2017

Stephen C. McArthur
THE MCARTHUR LAW FIRM


By:_____/s/ Stephen C. McArthur_____
STEPHEN C. MCARTHUR

Attorney for Defendant Covves, LLC

**CERTIFICATE OF SERVICE**

I, Valerie McConnell, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 400 Corporate Pointe, 3rd Floor, Culver City, California 90230.  On November 9, 2017, I served a copy of Defendant Covves, LLC's Amended Answer and Counterclaim by electronic transmission.

I am familiar with the USDC Central District's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

Executed on November 9, 2017, at Los Angeles, California.


*/s/ Valerie McConnell*
Valerie McConnell