Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Valerie McConnell (State Bar No. 274159)
valerie@smcarthurlaw.com
THE MCARTHUR LAW FIRM PC
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
Telephone: (323) 639-4455

Attorneys for Defendant
COVVES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLM PRODUCTS, LTD.,<br><br>            Plaintiff,<br><br>    v.<br><br>COVVES, LLC,<br><br>            Defendant.<br><br><br>COVVES, LLC,<br><br>            Counterclaimant,<br><br>    v.<br><br>**BLM PRODUCTS, LTD.,** a Canadian corporation; and **MARK BROWN,** an individual<br><br>            Counterdefendants. | Case No. 2:17-cv-06224-RGK-PLA<br><br>**DEFENDANT COVVES, LLC'S FIRST AMENDED COUNTERCLAIMS FOR:**<br><br>(1) Patent Infringement<br><br>(2) Copyright Infringement |

Defendant and Counterclaimant Covves, LLC ("Covves") hereby asserts counterclaims against Plaintiff and Counterdefendant BLM Products, Ltd. ("BLM") and Counterdefendant Mark Brown (collectively, "Counterdefendants") as follows:

### A.   Introduction

1. This action arises out of Counterdefendants' intentional and willful decision to infringe Covves' patented and copyrighted giant unicorn-shaped float, which is sold under the name, "#FLOATY Giant Unicorn."

2. Covves sells high-quality inflatable pool toys under the "#FLOATY" brand name. Covves' #FLOATY Giant Unicorn was one of the most popular inflatable pool toys of 2017. This toy has a unique patented design, which is protected by Design Patent No. D787,617. In addition, the rainbow color arrangement on the mane and tail of #FLOATY Giant Unicorn are protected by federal copyright, application number 1-6131019589.

3. Without compensating Covves or obtaining a license, Counterdefendants illegally misappropriated the patented and copyrighted design of the #FLOATY Giant Unicorn to create an intimation unicorn pool float, which Counterdefendants sold under the name, "Captain Floaty Giant Unicorn Pool Float" on Amazon.com. Counterdefendants' "Captain Floaty Giant Unicorn Pool Float" closely mimics the design of Covves' #FLOATY Giant Unicorn and includes the same copyrighted color arrangement on the mane and tail.

4. In or around June 2017, Covves notified Amazon.com that it believed that Counterdefendants' "Captain Floaty Giant Unicorn Pool Float" infringed Covves' #FLOATY Giant Unicorn. Shortly thereafter, Covves contacted Counterdefendants and notified them of the infringement, but Counterdefendants refused to cease selling their product.

5. To this day, Counterdefendants continue to sell their "Captain Floaty Giant Unicorn Pool Float" in blatant disregard of Covves' patent and copyright

ownership in the #FLOATY Giant Unicorn.

6. Accordingly, due to Counterdefendants' willful infringement, Covves has no choice but to file these counterclaims, which seek damages that it has suffered as a result of Counterdefendants' patent and copyright infringement.

### B. Jurisdiction

7. Covves asserts a counterclaim for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271. Covves also asserts a counterclaim for copyright infringement pursuant to the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

8. The Court has subject matter over both federal counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. BLM is subject to the personal jurisdiction of this Court, and venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), by virtue of the Complaint that BLM filed in this Court and BLM's significant contacts with this forum. On information and belief, BLM transacts business in California and in this judicial district, offers products for sale and use in California and in this district, and BLM has caused injury to Covves and its intellectual property in California and in this district.

10. Mark Brown is subject to the personal jurisdiction of this Court, and venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), by virtue of Mr. Brown's significant contacts with this forum. On information and belief, Mr. Brown is the owner and president of BLM, which transacts business in California and in this judicial district, offers products for sale and use in California and in this district. Mr. Brown has caused injury to Covves and its intellectual property in California and in this district.

### C. The Parties

11. Covves is a limited liability company, duly organized and existing under the laws of the State of California, located at 23145 Kashiwa Court, Torrance,

California 90505.  Covves sells recreation flotation devices and toys under the "#FLOATY" brand name through its website, www.getfloaty.com, as well as online retailers, including Amazon.com.

12. On information and belief, BLM is a corporation organized and existing under the laws of British Columbia, Canada, with its principal place of business at 1105-689 Abbott St., Vancouver, British Columbia, Canada, V6B 0J2.  BLM sells recreational flotation devices through Amazon.com and other online channels under its "Captain Floaty" brand.

13. On information and belief, at all times relevant herein, Mark Brown, an individual residing in British Columbia, Canada, has been the president, founder, owner, director, and/or an officer of BLM and was personally aware of, and authorized, approved, directed, controlled, ratified, participated in, and instigated the wrongful conduct alleged in these counterclaims.  At all times relevant herein, Mr. Brown conducted business in the State of California, County of Los Angeles.

### D.   Facts Common to All Counterclaims

14. Covves' "#FLOATY Giant Unicorn (hereinafter "the Infringed Float") is one of its best-selling toys. The design of the Infringed Float is protected by Design Patent No. D787,617 ("the 'D617 Patent"), issued on May 23, 2017. Covves is the assignee of record of the 'D617 Patent and owns all rights, title, and interest in this patent.

15. In addition, the arrangement of colors on the mane and tail of the Infringed Float is protected as a work of graphic art under the Copyright Act, application number 1-6131019589. At all times relevant herein, Covves has owned the rights and title to this copyright in the Infringed Float.

16. In or around June 2017, it came to Covves' attention that BLM was selling a product called "Captain Floaty Giant Unicorn Pool Float" on Amazon.com.  The photos that BLM posted on Amazon.com of its "Captain Floaty Giant Unicorn Pool Float" appear to be photos of the Infringed Float.  On

information and belief, BLM took photos of the Infringed Float and posted those photos on Amazon.com to mislead consumers into believing that BLM was selling the Infringed Float, when in actuality, BLM was selling a product that closely mimicked the Infringed Float.

17. Covves inspected "Captain Floaty Giant Unicorn Pool Floats" sold by BLM and discovered that the design of BLM's "Captain Floaty Giant Unicorn Pool Float" is substantially the same as the design claimed by the 'D617 Patent and embodied in the Infringed Float.  Like the Infringed Float, BLM's "Captain Floaty Giant Unicorn Pool Float" features a unicorn head emerging from the front of an inflatable tube and a unicorn tail emerging from the back of the tube.  The shape of the unicorn head and tail on BLM's "Captain Floaty Giant Unicorn Pool Float" also closely resemble the shape of the unicorn head and tail on the Infringed Float.

18. The design of BLM's "Captain Floaty Giant Unicorn Pool Float" is so similar to the design of the Infringed Float that customers have been deceived into buying BLM's "Captain Floaty Giant Unicorn Pool Float," mistakenly believing that they are buying the Infringed Float.  This consumer confusion has caused enormous and irreparable harm to Covves and has eroded the goodwill that Covves has built in the Infringed Float and "#FLOATY" brand.

19. Neither BLM nor Mr. Brown have a license for the 'D617 Patent or the copyright in the Infringed Float, or any other authorization to sell, offer to sell, manufacture, or distribute the Infringed Float.

20. In or around June 2017, Covves notified Amazon.com that it believed that BLM's "Captain Floaty Giant Unicorn Pool Float" infringed the 'D617 Patent. Covves duly complied with the procedures implemented by Amazon.com for reporting intellectual property infringement and provided Amazon with a copy of the 'D617 Patent.  Amazon.com responded to Covves' report by removing the listing to BLM's "Captain Floaty Giant Unicorn Pool Float" from its website.

21. Through its attorney, Covves informed BLM that its "Captain Floaty Giant Unicorn Pool Float" infringed the 'D617 Patent and asked that BLM immediately cease selling that product. Mr. Brown, BLM's president, refused to comply with Covves' request and said that he had already paid his manufacturer to produce thousands of "Captain Floaty Giant Unicorn Pool Floats." Covves then proposed a licensing arrangement that would enable BLM to recoup its manufacturing costs, but Mr. Brown rejected this proposal.

22. On information and belief, BLM is continuing to sell its "Captain Floaty Giant Unicorn Pool Floats" through online channels other than Amazon.com, even though BLM is aware that this product infringes the 'D617 Patent and Covves' copyright in the Infringed Float. Covves is entitled to injunctive relief and damages for BLM's willful infringement of the 'D617 Patent and Covves' copyright in the Infringed Float.

23. On information and belief, Mr. Brown actively and knowingly participated in and caused BLM's sale of the "Captain Floaty Giant Unicorn Pool Float." He was and continues to direct, control, ratify, and participate in BLM's infringement of the 'D617 Patent and Covves' copyright in the Infringed Float. He was responsible for BLM's sale of the "Captain Floaty Giant Unicorn Pool Float," and is therefore personally liable for BLM's infringement of the 'D617 Patent and Covves' copyright in the Infringed Float.

### E. Counterclaim I – Infringement of the 'D617 Patent

24. By this reference, Covves realleges and incorporates each and every averment contained in paragraphs 1 through 23, inclusive.

25. Counterdefendants have infringed, and continue to infringe the 'D617 Patent, by offering to sell, selling, or importing, in this District, and elsewhere in the United States, the "Captain Floaty Giant Unicorn Pool Float," the design of which is substantially the same as the ornamental design of the 'D617 Patent.

26. The actions of Counterdefendants constitute infringement of the 'D617

Patent in violation of 35 U.S.C. § 271.

27. Covves has sustained damages, and will continue to sustain damages, as a result of the aforementioned acts of infringement by Counterdefendants. Covves is entitled to recover damages sustained as a result of Counterdefendants' wrongful acts, in an amount to be proven at trial.

28. Counterdefendants' infringement of Covves' rights under the 'D617 Patent will continue to damage Covves' business, causing irreparable harm, for which there is no adequate remedy at law, unless Counterdefendants are enjoined by this Court.

29. Counterdefendants have willfully infringed the 'D617 Patent, entitling Covves to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

30. Alternatively, Covves is entitled to recover Counterdefendants' total profits from the sales of the "Captain Floaty Giant Unicorn Pool Float" under 35 U.S.C. § 289.

### F. Counterclaim II – Copyright Infringement

31. By this reference, Covves realleges and incorporates each and every averment contained in paragraphs 1 through 30, inclusive.

32. Counterdefendants had access to the Infringed Float, including, without limitation, through third-party retailers such as Amazon.com.

33. Through the conduct averred herein, Counterdefendants have infringed Covves' copyright in the Infringed Float in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

34. Counterdefendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Covves' rights.

35. As a direct and proximate result of said infringement by Counterdefendants, Covves is entitled to damages in an amount to be proven at trial.

36. As a direct and proximate result of Counterdefendants' foregoing acts and conduct, Covves has sustained, and will continue to sustain, substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Covves is informed and believes, and on that basis avers that, unless enjoined and restrained by this Court, Counterdefendants will continue to infringe Covves' copyright in the Infringed Float. Covves is entitled to preliminary and permanent injunctive relief to restrain and enjoin Counterdefendants' continuing infringing conduct.

## PRAYER FOR RELIEF

Covves prays for judgment against Counterdefendants as follows:

1. For a judgment finding Counterdefendants liable for infringement of the 'D617 Patent.

2. For a judgment finding Counterdefendants liable for infringement of the copyright in the Infringed Float.

3. For a preliminary and permanent injunction prohibiting Counterdefendants, their agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing the 'D617 Patent in any manner, pursuant to 35 U.S.C. § 283.

4. For a preliminary and permanent injunction prohibiting Counterdefendants, their agents, servants, and any and all parties acting in concert with any of them, from infringing Covves' copyright in the Infringed Float.

5. For an award of damages adequate to compensate Covves for Counterdefendants' infringement of the 'D617 Patent, in an amount to be proven at trial, or in the alternative, an award of Counterdefendants' total profits under 35 U.S.C. § 289.

6. For an award of treble Covves' patent infringement damages, pursuant to 35 U.S.C. § 284.

7. For an award of damages adequate to compensate Covves for

Counterdefendants infringement of Covves' copyright in the Infringed Float, as may be found at trial, or as otherwise permitted by law.

8. For an accounting of, and the imposition of constructive trust with respect to, Counterdefendants' profits attributable to its infringements of Covves' copyright in the Infringed Float.

9. Plaintiffs' attorneys' fees and costs of this action, pursuant to 35 U.S.C. § 285.

10. For an award of Covves' costs in asserting these counterclaims, pursuant to all applicable state statutory and common law, including 35 U.S.C. § 284.

11. For an award of prejudgment interest according to law, including pursuant to 35 U.S.C. § 284.

12. For an award of post-judgment interest, pursuant to 28 U.S.C. § 1961(a).

13. For such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Covves demands trial by jury on all claims and issues so triable.

DATED: January 8, 2018

Stephen C. McArthur
THE MCARTHUR LAW FIRM

By:    /s/ *Stephen C. McArthur*   
          STEPHEN C. MCARTHUR

Attorney for Counterclaimant, Covves, LLC